UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEWISH CENTER FOR AGED,<br>a Missouri Benevolent Association,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN DEVELOPMENT,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:06-CV-1739 (JCH)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

The matter is before the Court on the United States Department of Housing and Urban Development's ("HUD") Motion for Judgment on the Pleadings (Doc. No. 18), filed January 16, 2007. The matter is fully briefed and ready for a decision.

**BACKGROUND**

In its December 18, 2006 Order, the Court provided a detailed background of this case. (Doc. No. 15). Since that Order, the parties have provided additional information about the case's financial and procedural history. In May 2006, HUD paid Greystone $58,199,316.70 to acquire the Note, and as of January 1, 2007, JCA Support owes HUD $8,637,610.18 in mortgage payments. (Memo. in Supp., Doc. No. 25 Ex. 2, Ex. 3 p. 2).[1] Before filing this action in federal court, JCA originally filed an action in Missouri state court. HUD notified JCA that it intended to remove the case, and JCA voluntarily dismissed[2] the state court case. (Memo. in Opp'n, Doc. No. 28 pg. 6). On January 29,

---

[1] JCA allegedly believes the Nursing Home's fair market value is $20,000,000. (Memo. in Supp., Doc. No. 25 ¶ 14).

[2] HUD allegedly suggested JCA take this course of action. (Doc. No. 28 pg. 6).

- 1 -

2007, HUD told JCA it would sell the Note once the Court enters a final judgment in its favor. (Reply to Resp. to Mot. for Reconsideration, Doc. No. 27 Ex. 1).

## MOTION FOR JUDGMENT ON THE PLEADINGS STANDARDS

A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004). The Court accepts all facts pleaded by the nonmoving party as true and draws all reasonable inferences from the facts in favor of the nonmoving party. Franklin High Yield Tax-Free Income Fund v. County of Martin, 152 F.3d 736, 738 (8th Cir. 1998). Finally, the Court may consider materials that are "necessarily embraced by the pleadings" or "part of the public record or do not contradict the complaint." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)(internal citations omitted).

## DISCUSSION

HUD asserts that the Court does not have jurisdiction over this cause of action because JCA has no standing. It also asserts that Congress has neither waived its sovereign immunity nor granted this Court subject matter jurisdiction. (Reply, Doc. No. 29). JCA alleges it has standing, that Congress waived HUD's sovereign immunity[3] in multiple statutes, and that determining the responsibilities and duties of HUD raises a federal question. (Resp., Doc. No. 28).

**A.     Standing**

---

[3]HUD allegedly told JCA that federal jurisdiction existed. JCA argues that this representation estops HUD's present motion. This argument is without merit. Only Congress can grant subject matter jurisdiction and waive sovereign immunity. United States v. Mitchell, 463 U.S. 206, 215-16 (1983).

- 2 -

HUD asserts that JCA cannot demonstrate two elements of standing: an injury in fact and the injury is fairly traceable to HUD's actions. JCA counters that its inability to exercise its purchase option constitutes an injury in fact and this injury is fairly traceable to HUD's actions.

JCA bears the burden of demonstrating standing. Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006). Standing requires that the plaintiff show "an injury in fact, meaning that the injury is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." S. Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 591 (8th Cir. 2003)(internal quotations omitted); see Porter v. Knickrehm, 457 F.3d 794, 799 (8th Cir. 2006)(explaining an injury in fact must "be more than a mere interest in the problem and that interest must not be hypothetical in nature.")(internal quotations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." McClain v. Am. Econ. Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005)(internal quotations omitted). Finally, JCA must show a "likelihood that a favorable decision by the court will redress the alleged injury." Wilkinson v. United States, 440 F.3d 970, 977 (8th Cir. 2006).

Upon consideration, the Court finds that JCA has standing. HUD has stated that it will sell the Note once litigation ends. (Doc. No. 27 Ex. A; Doc. No. 25 Ex. 5). If HUD sells the Note without providing purchase notice, as allegedly required by the Ground Lease, JCA will lose the right to exercise its purchase option. This loss of right is a concrete and particularized harm. See Wilkinson, 440 F.3d at 977 (interfering with interest in real property creates injury in fact); United States v. White Plume, 447 F.3d 1067, 1074 (8th Cir. 2004)(preventing performance due under contract is an injury in fact). Although no sale has occurred, it is sufficiently probable and imminent to remove it from the "realm of the hypothetical and speculative." Shain v. Veneman, 376 F.3d 815, 818-19 (8th Cir. 2004)(discussing cases supporting this proposition); St. Paul Chamber of Commerce v. Gaertner, 439 F.3d 481, 484-86 (8th Cir. 2006)(refraining from making political donations due to

possible prosecution under state law creates an injury in fact); Eckles v. City of Corydon, 341 F.3d 762, 768 (8th Cir. 2003)(finding imminent harm exists when defendant will only refrain from challenged action during pendency of litigation). This injury is easily traceable to HUD's imminent sale of the Note and a favorable decision will redress JCA's injury because it will have the opportunity to exercise the purchase option. Thus, Plaintiff has standing.

**B.      Sovereign Immunity**

JCA alleges that Congress waived HUD's sovereign immunity in the National Housing Act ("NHA"),12 U.S.C. § 1702, and the Administrative Procedure Act ("APA), 5 U.S.C. § 702.

To sue the United States, a plaintiff must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. V S Ltd. P'ship v. HUD, 235 F.3d 1109, 1112 (8th Cir. 2000). Only Congress can waive sovereign immunity, United States v. Mitchell, 463 U.S. 206, 215-16 (1983) and consent to being sued must be "unequivocally expressed in the statutory text and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." Miller v. Tony & Susan Alamo Found., 134 F.3d 910, 916 (8th Cir. 1998)(internal citations omitted). Any ambiguities must be resolved in the government's favor. Rutten v. United States, 299 F.3d 993, 995 (8th Cir. 2002)(citing United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992)). A statute's purpose and legislative history are irrelevant when determining if it waives sovereign immunity. Lane v. Pena, 518 U.S. 187, 192 (1996). The Supreme Court construes "sue and be sued" waiver clauses liberally. 14 Charles Alan Wright et al., Federal Practice and Procedure § 3654-55 (discussing FDIC v. Meyers, 510 U.S. 471 (1994)). With these standards in mind, the Court will examine whether JCA can demonstrate an applicable waiver of sovereign immunity exists.

**The National Housing Act**

Plaintiff alleges that 12 U.S.C. § 1702 waives sovereign immunity. HUD asserts this waiver does not apply because 12 U.S.C. § 1715z-11a, which authorizes the sale of property by HUD, was not enacted as part of the NHA[4]. HUD also asserts that waiving its sovereign immunity would gravely interfere with its performance of governmental functions.

Section 1702 states that "[t]he Secretary [of Housing and Urban Development] shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, IX-B, and X of this chapter, be authorized, in his official capacity to sue and be sued in any court of competent jurisdiction, state or federal." 12 U.S.C. § 1702. Courts treat this statute as "launch[ing HUD] into the commercial world," meaning that it is "not less amenable to judicial process than private enterprise under like circumstances would be." Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 179 (8th Cir. 1978)(internal quotations omitted). The "in carrying out" clause means that HUD must be acting pursuant to its regulatory or statutory duty. V S Ltd. P'ship, 235 F.3d at 1113. Section 1713(k), which is found in subchapter II of Chapter Twelve of the United States Code, provides that the Secretary is "authorized, with respect to any mortgage assigned to him under the provision of subsection (g) of this section, to exercise all the rights of a mortgagee under such mortgage, including the right to sell the mortgage. . . ."12 U.S.C. § 1713(k); see 12 U.S.C. § 1715w(f)(applying § 1713(k) to nursing home mortgages insured by HUD).

Upon consideration, the Court finds that § 1702 waives HUD's sovereign immunity. Here, JCA is suing HUD for attempting to exercise its statutory authority, as set forth in §§ 1713(k), 1715w, to sell the Note. Additionally, HUD's argument regarding § 1715z-11a is unpersuasive. § 1715z-11a deals with selling property, not selling mortgages. Additionally, § 1715z-11a is found in

---

[4]This section was enacted as part of Departments of Veteran Affairs and Housing and Urban Development, and Independent Agencies Appropriations Act of 1997, Pub. L. No. 104-204, 110 Stat. 2874.

subchapter II of Chapter Twelve, meaning that it falls within § 1702's waiver of immunity. That it was not enacted as part of the NHA is irrelevant because the Court may only look to the statutory text of a sovereign immunity waiver. Lane, 518 U.S. at 192; United Am., Inc. v. N.B.C.-U.S.A. Hous., Inc. Twenty Seven, 400 F. Supp. 2d 59, 62 (D.D.C. 2005)(applying this rule to § 1702).

**The Administrative Procedure Act**

Even assuming that the NHA's waiver were inapplicable, 5 U.S.C. § 702 also waives HUD's sovereign immunity. Specifically, the APA waives an agency's sovereign immunity in "[a]n action in a court of the United States seeking relief other than money damages." 5 U.S.C. § 702. The APA waiver is inapplicable, however, if "any other statute that grants consent to suit expressly or impliedly forbids the relief that is sought." Id. The issue here is whether the Tucker Act, 28 U.S.C. §§ 1346, 1491, "explicitly or implicitly forbids the relief that is sought."

The Tucker Act provides that the United States Court of Federal Claims has exclusive jurisdiction "to render judgment ... upon any express or implied contract with the United States" and concurrent jurisdiction with the district courts for any claim less than $10,000 that is based on an implied or express contract with the United States. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).The Tucker Act creates an exclusive remedy for contract claims against the United States, meaning contract actions for specific performance or declaratory judgment are impliedly forbidden by it. See V S Ltd. P'Ship, 235 F.3d at 1112; North Star Alaska v. United States, 9 F.3d 1430, 1432 (9th Cir. 1993); Megapulse, Inc. v. Lewis, 672 F.2d 959, 967 (D.C. Cir. 1982). For the Tucker Act to apply, the United States and the plaintiff must be in privity of contract. Stockton E. Water Dist. v. United States, 70 Fed. Cl. 515, 526 (Fed. Cl. 2006); Katz v. Cisneros, 16 F.3d 1204, 1210 (Fed. Cir. 1994)(holding that "a grant of benefits and subsequent oversight by HUD is insufficient to establish a contractual obligation between [plaintiff] and the government."). The Court finds that the Tucker

Act does not impliedly forbid this action because HUD is not a party to the Ground Lease, meaning it cannot be in privity of contract with JCA. Katz, 16 F.3d at 1210. Thus, the APA also waives HUD's sovereign immunity.

**C.      Subject Matter Jurisdiction**

The Court will first determine whether the APA or NHA also contains an independent grant of subject matter jurisdiction. It is well settled that 5 U.S.C. § 702 is not an independent grant of subject matter jurisdiction. Black Hills Inst. of Geological Research v. S. Dakota Sch. of Mines & Tech., 12 F.3d 737, 740 (8th Cir. 1993). Similarly,12 U.S.C. § 1702 is not an independent grant of subject matter jurisdiction. See Heller, 572 F.2d at 181. Although a later Eighth Circuit opinion calls Heller's holding into question, V S Ltd. P'Ship, 235 F.3d at 1113(referring to § 1702 as a "limited grant of subject matter jurisdiction") the Court finds that Heller still represents the Eighth Circuit's definitive holding on this issue. Xiong v. State, 195 F.3d 424, 426 (8th Cir. 1999) (instructing that district courts must follow the Eighth Circuit's holdings). Also, the weight of authority support's Heller's interpretation of § 1702. See C.H. Sanders Co., Inc. v. BHAP Hous. Dev. Fund Co., Inc., 903 F.2d 114, 118 (2d Cir. 1990)(§ 1702 is not an independent grant of subject matter jurisdiction).[5]

**28 U.S.C. § 1331**

Plaintiff asserts that 28 U.S.C. § 1331 provides the necessary grant of subject matter jurisdiction because HUD violated 12 U.S.C. § 1713(k) by trying to sell the Note. Alternatively, it alleges that determining HUD's duties and responsibilities raises a federal question under § 1331.

---

[5]For additional cases supporting this interpretation of § 1702, see Mundo Dev., Ltd. v. Wicklow Assocs., 585 F. Supp. 1324, 1327 n. 6 (S.D.N.Y 1984)(explaining that the Third and Fifth Circuits, but not the Fourth, hold § 1702 is not a grant of subject matter jurisdiction); Trans-Bay Eng'rs. & Builders, Inc. v. Hills, 551 F.2d 370, 190 n.13-14 (D.C. Cir. 1976)(discussing split in authority).

Section 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A "non-frivolous claim of a right or remedy under a federal statute" is sufficient to invoke federal question jurisdiction. Weeks Const., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 672 (8th Cir. 1986). Jurisdiction under § 1331 may also rest on federal common law. Boyster v. Roden, 628 F.2d 1121, 1122 (8th Cir. 1980)(citing Illinois v. City of Milwaukee, 406 U.S. 91 (1972)). For a case to be considered as arising under federal law, the federal right relied upon for jurisdiction must be "a paramount and not a collateral issue." Div. 1287, Amalgamated Transit Union v. Kansas City Area Transp. Auth., 582 F.2d 444, 450 (8th Cir. 1978)(internal quotations omitted). In the context of a declaratory judgment, federal courts must look to the substantive theories underlying the Plaintiff's complaint and determine if the complaint necessarily presents a basis for the exercise of federal law. Coalition for Safe Transit Inc. v. Bi-State Dev. Agency, 778 F. Supp. 464, 467 (E.D. Mo. 1991).

Upon consideration, the Court finds that the issue of whether HUD must comply with the Ground Lease does not raise a federal question. JCA has not alleged that HUD's actions violate any federal statute, right, or regulation. Rather, it alleges that HUD is not complying with the Ground Lease, which merely raises substantive issues of Missouri real property and contract law. See McNeill v. Franke, 171 F.3d 561, 563-64 (holding that a dispute with HUD regarding priority of liens did not present a federal question); Berks Prods. Corp. v. Landreau, 523 F. Supp. 304, 309 (E.D. Pa. 1981)(finding no federal question existed where plaintiff, as a third-party beneficiary, was trying to enforce a contract against HUD); Ames-Ennis, Inc. v. Midlothian Ltd. P'ship, 469 F. Supp. 939 (D. Md. 1979)(no jurisdiction under similar facts to Landreau). Furthermore, HUD's status as a federal agency does not create a federal question. See Wieland v. Savetz, 734 F. Supp. 409, 410 (E.D. Mo.

1990)(holding fact that Commissioner of Internal Revenue was named in cause of action seeking declaration of proper construction of testamentary trust did not present a federal question).

JCA argues that its claim raises a question of federal common law. Plaintiff relies on the "equitable rights theory," which holds that equitable rights arising from HUD's course of activities in operating its mortgage insurance program create a substantial question of federal common law. See Trans-Bay Eng'rs. & Builders, Inc. v. Hill, 551 F.2d 370, 376-78 (D.C. Cir 1976)(creating the equitable rights theory); Indus. Indem. Ins. v. Landrieu, 615 F.2d 644, 647 (5th Cir. 1980); United States v. Am. Nat'l Bank & Trust Co. of Chicago, 443 F. Supp. 167, 171-72 (N.D. Ill. 1977); contra C.H. Sanders Co., Inc., 903 F.2d at 118(recognizing that federal common law can create subject matter jurisdiction for unjust enrichment and quantum merit, but declining to adopt the "equitable rights" theory espoused in Trans-Bay); 1610 Corp. v. Kemp, 753 F. Supp. 1026, 1029 (D. Mass. 1992)(explaining that the equitable rights theory is narrowly applied); Tempo, Inc. v. City of Gladstone Hous. Comm'n, 635 F. Supp. 879, 884 (W.D. Mich. 1984); Midlothian Ltd. P'Ship, 469 F. Supp. at 943-44. The Court declines to adopt the "vague formulation" of subject matter jurisdiction relied upon by Plaintiff. See Falls Riverway Realty, Inc. v. City of Niagara Falls, 754 F.2d 49, 55 n.3 (2d Cir. 1985). Adopting the "equitable rights theory" would impermissibly broaden federal question jurisdiction beyond its traditional boundaries. Furthermore, Trans-Bay, and its limited progeny, dealt with claims for money damages, not claims for injunctive and declaratory relief. Thus, § 1331 does not provide the Court with subject matter jurisdiction.

**28 U.S.C. § 1361**

Plaintiff also alleges that 28 U.S.C. § 1361[6], which gives the Court "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

---

[6] JCA did not invoke this statute in its Complaint.

agency thereof to perform a duty owed to the plaintiff," provides subject matter jurisdiction. This statute, however, is not an independent grant of subject matter jurisdiction. Livestock Mktg. Ass'n v. United States Dep't of Agric., 132 F. Supp. 2d 817, 824 (D.S.D. 2001)(quoting State Highway Comm'n of Mo. v. Volpe, 479 F.2d 1099, 1105 n. 6 (8th Cir. 1973)) Kielczynski v. CIA, 128 F. Supp. 2d 151 (E.D.N.Y. 2001);. Clayton Brokerage Co. of St. Louis, Inc. v. Commodity Futures Trading Comm'n, 548 F. Supp. 1015, 1017 (E.D. Mo. 1982). Thus it does not provide the Court with jurisdiction.

### 28 U.S.C. § 1442

In its Complaint, JCA alleges that 28 U.S.C. § 1442 provides jurisdiction. This section provides that a civil action commenced in a state court against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office" may be removed by such officer, agency, or person to the appropriate federal court. 28 U.S.C. § 1442(a)(1). This section is a grant of subject matter jurisdiction. See Heller, 572 F.2d at 181. Section 1442(a)(1) does not, however, provide the Court with subject matter jurisdiction because this cause of action was not removed from state court by a federal agency. Defendant's Motion for Judgment on the Pleadings will be granted and this case will be dismissed because JCA has failed to demonstrate that the Court has subject jurisdiction over this matter.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 18) is hereby **GRANTED** and Plaintiff's claims are **DISMISSED**. An appropriate order of dismissal will accompany this memorandum.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 23) is **DENIED** as moot.


Dated this 9th day of March, 2007.


                                           /s/ Jean C. Hamiton
                                           UNITED STATES DISTRICT JUDGE